UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ORLANDO CARTER, | CASE NO. 4:15 CV 206 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| UNITED STATES OF AMERICA, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On January 30, 2015, plaintiff *pro se* Orlando Carter, an inmate at the Federal Correctional Institution at Elkton, filed this civil rights action against United States Attorney General Eric Holder and Federal Bureau of Investigation Special Agent Gormely. Plaintiff's complaint, seeking declaratory, injunctive and monetary, as well as his release from prison, alleges he was improperly convicted of numerous offenses in the United States District Court for the Southern District of Ohio. *See, U.S. v. Carter*, S.D. Oh. Case No. 1:08 CR 5. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753

U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                */s/ John R. Adams*

                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE

DATED: 4/10/15

---

F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).